**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| FELICIA SHIGGS,<br><br>Plaintiff,<br><br>v.<br><br>SOFIA STEPHENSON,<br><br>Defendant. | CIVIL ACTION NO.: 4:26-cv-240 |

**O R D E R**

This case was removed by Defendant to this Court from the State Court of Chatham County, Georgia, on the purported basis of diversity jurisdiction. (Doc. 1.) This Court has an independent obligation to assure itself of its jurisdiction. See, e.g., MSP Recovery, LLC v. Allstate Ins. Co., 835 F.3d 1351, 1357 (11th Cir. 2016) ("Federal courts have an independent obligation to ensure that subject-matter jurisdiction exists to hear a case. . . ."). For the reasons set forth below, there is insufficient evidence that diversity jurisdiction exists.

On or about December 4, 2025, Plaintiff filed her initial complaint initiating this action against Defendant in the State Court of Chatham County, Georgia. (Doc. 1-1.) Plaintiff alleges that she and Defendant were involved in an automobile collision that caused her to suffer injuries. (See generally id.) Plaintiff's Complaint states that she suffered "traumatic and permanent psychological and physical injuries, including but not limited to injuries to [her] neck [and] back," but the Complaint does not detail the specific ways her neck and back were injured, nor does it

indicate the type of treatment she has undergone or a specific dollar value for her medical treatment. (See id. at p. 5.)

Defendant removed the case to this Court on September 3, 2026, purportedly based on diversity jurisdiction. (Doc. 1.) The Court has diversity jurisdiction over an action in which the amount in controversy exceeds $75,000, and the action is between citizens of different States. 28 U.S.C. § 1332(a)(1). As to citizenship, the Notice of Removal cites the Complaint and states that Plaintiff is a Georgia "citizen," while Defendant is a "resident" of the State of Florida. (Doc. 1, pp. 1–2.) As for the amount in controversy, the Notice of Removal states

> Plaintiff seeks recovery for past, present and future medical and doctor expenses, past, present and future physical and mental pain and suffering, past, present and future travel expenses, permanent injuries, and past, present and future lost wages and lost earning capacity (See Complaint, ¶¶ 16, WHEREFORE) allegedly sustained in the alleged motor vehicle accident. Plaintiff has demanded $250,000 from Defendant in connection with this matter.
>
> . . .
>
> Plaintiff's Complaint does not state her damages with specificity but it is nevertheless facially apparent from the Complaint that it satisfies the requisite amount in controversy, in part because she makes a general claim for permanent injuries.

(Doc. 1, pp. 3–4 (case citations omitted).)

First, "[d]iversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). Defendant, as the removing party, is required to show *citizenship*, not residence. See Travaglio v. American Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013) ("Residence alone is not enough."). For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir.2002)). While Defendant's Notice of Removal alleges that Plaintiff is a

"citizen" of Georgia, it cites only Plaintiff's Complaint as the basis for this assertion. (Doc. 1, p. 1.) In her Complaint, however, Plaintiff alleges only that she is a "resident" of Georgia and thus, the Complaint does not provide grounds for the conclusion—for removal purposes—that Plaintiff intends to remain in Georgia indefinitely (and thus can be considered domiciled here). (See doc. 1-1, p. 2.) Additionally, as to her own citizenship, Defendant's Notice of Removal states only that she is a "resident of the State of Florida." (Doc. 1, p. 2.) Despite her own citizenship being something that would be easily known by her, Defendant has not alleged or shown her own citizenship, and the Court is thus unable to determine if her citizenship is diverse from Plaintiff's citizenship. See Palmer, 22 F.3d at 1564.

Turning to the amount in controversy requirement, where, as here, it is not facially apparent from the face of a complaint that the amount in controversy exceeds $75,000, courts are to look to the notice of removal and any other evidence relevant to the amount in controversy at the time of removal. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). The removing defendant bears the burden of proving the existence of federal jurisdiction and the removing defendant must show "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356–57 (11th Cir. 1996); see also 28 U.S.C. § 1332(a). Here, Defendant states that "Plaintiff has demanded $250,000 from Defendant in connection with this matter," but Defendant neglects to provide any evidence—much less any details—to support a finding that this demand adequately proves that the amount in controversy here exceeds $75,000.

In light of the foregoing inadequacies in the Notice of Removal, the Court cannot conclude that Defendant has shown by a preponderance of the evidence that diversity jurisdiction exists. The Court **ORDERS** Defendant, within **TEN (10) DAYS** of the date of this Order, to supplement

its Notice of Removal to show, by a preponderance of the evidence, that there is diversity of citizenship between the parties and that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. If Defendant fails to do so, the Court will remand the case to the State Court of Chatham County.

**SO ORDERED**, this 8th day of September, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA